BARRY et al. v. LAW.[1]

(Circuit Court, District of Columbia. 1802.)

1. EVIDENCE—ADMISSIBILITY OF UNSTAMPED WRITINGS.
   An account rendered with an order by the debtor on a third person to pay it is not admissible, when not written on stamped paper.

2. STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER.
   A conditional promise to pay the debt of another is within the statute of frauds.

3. STATUTE OF FRAUDS—NOTE IN WRITING—SUFFICIENCY.
   An unsigned entry in the promisor's books of account of a memorandum of a bill rendered to a third person by the promisee is not a sufficient note in writing, under the statute of frauds, to support a promise to pay it.

4. MONEY HAD AND RECEIVED—WHEN LIES.
   Evidence that a debtor drew an order on another for the payment of an account, and that the drawee made a memorandum of it in his books, and promised to pay the creditor the account, if he (the drawee) owed the debtor so much, does not support a count for money had and received by the creditor against the drawee.

Assumpsit. First count, money had and received; second, a special promise to pay for planks and timber sold by the plaintiffs to Bryan, in consideration that the plaintiffs would forbear to sue him; third, indebitatus assumpsit for planks, etc., sold to the defendant himself.

The case in evidence was that Bryan had contracted with Mr. Law to build stables and furnish materials; that Bryan purchased of the plaintiffs planks, etc., to the amount of $135.97. Bryan, at the foot of the plaintiffs' account rendered, drew an order on Mr. Law, in these words:

"Sir: Please to pay to R. & G. Barry the above account, being lumber used in building your stables, and charge your humble serv't. B. Bryan. "To Tho. Law."

This order was not on stamped paper.

The defendant on the 6th of December, 1800, made an entry in his books, as follows: "Stables on Sq. 693, Dr. To am't of Capt. Barry's bill, $135.97,"—and promised the plaintiffs that, if so much was due by him to Bryan, the bill should be paid.

[1] This case has been heretofore reported in 1 Cranch, C. C. 77, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Cases.

THE COURT refused the order to go in evidence to the jury, because it was not stamped.

They also instructed the jury that the plaintiffs could not recover on the defendant's promise, unless he had signed a note in writing promising to pay, etc., that its being a conditional promise did not take it out of the statute of frauds, and that the entry in the defendant's books was not a sufficient note in writing to charge the defendant.

They refused to instruct the jury that, if at the time of the promise the defendant was indebted to Bryan in a sum equal to the plaintiffs' claim, the evidence was applicable to the count for money had and received.

KILTY, C. J., absent.